IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULA L. DEICHMAN, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )    Case No. CIV-19-1196-D |
| | ) |
| PHARI KRISHNA, M.D., *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |

# O R D E R

The Complaint in this action [Doc. No. 1] was filed on December 30, 2019. For service to have been timely, Defendants must have been served by March 30, 2020. On April 6, 2020, the Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice [Doc. No. 3]. Plaintiff filed a response to the show cause order [Doc. No. 4].

FED. R. CIV. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

If the plaintiff shows good cause for the failure, however, "the court must extend the time for service for an appropriate period." *Barnes v. City of Oklahoma City ex rel. Oklahoma City Police Dep't*, No. CIV-10-1338-D, 2011 WL 1675004, at *1 (W.D. Okla. May 3, 2011).

Plaintiff did not address directly in her response why there was a failure to timely effectuate service. Rather, she responded that counsel was still evaluating the case and that her delays in getting counsel the required information were, *inter alia*, due to medical issues related to this litigation. Plaintiff stated she would begin serving Defendants on April 7, 2020.

Upon consideration, the Court finds that Plaintiff has failed to show good cause for lack of timely service. Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4, the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 174 (10th Cir. 1996); *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) ("[T]he 'good cause' provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.").

In this case, Plaintiff made no effort to serve Defendants and apparently made a conscious decision to delay service because counsel was still evaluating the case.

The question thus becomes whether the Court should exercise its discretion to allow additional time for service under Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 840 41 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."). Under the circumstances, where the case remains pending and no deadlines have been set, the Court construes Plaintiff's response as a request for an extension of time to serve Defendants. The request is GRANTED.

IT IS THEREFORE ORDERED that the Court extends the time limit for service pursuant to Rule 4(m) and directs Plaintiff to effect service of process on Defendants within thirty (30) days from the date of this Order.

**IT IS SO ORDERED** this 9th day of April, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge